PARKINS *vs.* STEPHENSON.

Where the venue is laid in the city of New-York, a plaintiff is bound to notice his cause for trial at an *adjourned circuit ;* if he neglects to do so, he may be compelled to stipulate.

A plaintiff will be allowed to stipulate, although the defendant be a prisoner on the limits.

February 6. THIS was a motion for judgment as in case of nonsuit for not bringing the cause to trial at an *adjourned circuit* in the city of New-York.

It was objected that the plaintiff was not bound to notice his cause at an *adjourned circuit ;* that it is optional with him, and not compulsory, to notice his cause for such circuit. The language of the statute is, " causes *may* be noticed and tried thereat in like manner as at a stated circuit." 2 *R. S.* 202, § 11.

*By the Court,* SAVAGE, Ch. J. If a plaintiff neglects to bring his cause to trial, when he has an opportunity to do so, the defendant may ask for judgment as in case of nonsuit. The plaintiff, however, is at liberty to stipulate.

On the part of the defendant, it was asked whether the court would not refuse liberty to stipulate, the defendant having for several months laid in jail, in close custody, and being now a prisoner on the limits ; it was urged that in analogy to other provisions of the statute in relation to imprisoned debtors, re-

quiring plaintiffs to proceed in the prosecution of their suits without delay, 2 *R. S.* 350, § 23, and 556, § 36, 37, the court ought not to extend their customary indulgence to a plaintiff who kept his debtor in confinement, and that as it was discretionary with the court whether a further time for the trial of the cause should or should not be given, 2 *R. S.* 423, § 81, it was submitted whether judgment ought not at once to be given for the defendant. But the suggestion did not prevail.

*A. S. Garr,* for the defendant.

*J. Rhoades,* for the plaintiff.